## W. T. RAWLEIGH CO. v. JOHNSON *ET AL.*

(137 S. E., 820)

Intoxicating Liquors—Evidence of Alcoholic Content of Goods Furnished Under Sale Contract, as Bearing on Right to Collect Therefor, Held for Jury.—In action to recover for goods furnished under sale contract, evidence as to alcoholic content of goods, as bearing on right to collect therefor, *held* for jury.

Before Nickles, J., Union, March term, 1926. Reversed and new trial granted.

Action by the W. T. Rawleigh Company against L. B. Johnson, J. F. Cheek, Leslie B. Godshall, and L. C. Wharton. Judgment for plaintiff, and last three named defendants appeal.

*Mr. J. Gordon Hughes,* for appellants, cites: *Falsely branded goods cannot be sold:* Sec. 849, Vol. 2, Code 1922. *Debt for same cannot be collected:* Sec. 852, *Id.* "*Contracts secured by fraud*": 78 S. C., 419, 422; 129 S. C., 233. *Cannot be enforced:* 111 S. C., 37. *Where fraud charged, much latitude allowed in admission of evidence on that issue:* 131 S. C., 222; 103 S. C., 391. *Testimony necessary to sustain charge admissible:* 20 S. C., 503.

*Messrs. J. F. Walker,* and *Barron, Barron & Barron,* for respondents, cite: *Refusal of motion for continuance, proper exercise of trial Judge's discretionary powers:* 100 S. C., 458; 80 S. C., 557; 79 S. C., 187; 82 S. C., 236. *Verdict properly directed for plaintiff for amount due:* 122 S. C., 43; 129 S. C., 226.

April 22, 1927.

The opinion of the Court was directed by Mr. Justice Watts.

This is an appeal from a directed verdict in favor of the plaintiff by his Honor, Judge J. M. Nickles.

There are four exceptions. Exception 4 is:

"That the presiding Judge erred in directing a verdict and refusing to submit the case to the jury because (a) the pleadings made the issue and there was testimony that the goods furnished Johnson by plaintiff were intoxicating beverages, which could not lawfully be sold or collected for in South Carolina; (b) there was testimony that Johnson had become a salesman for the plaintiff, and was working under its directions and instructions at least part of the time after the date of alleged contract; and (c) the pleadings raised the issue, and there was testimony as to fraud on the part of the

plaintiff's agent in securing the signatures of the defendants to the aforesaid alleged contract."

. . This exception is sustained on that part which complains:

"The pleadings made the issue and there was testimony that the goods furnished Johnson were intoxicating beverages, which could not be lawfully sold or collected for in South Carolina."

L. B. Johnson's affidavit was admitted in evidence. Part of it is:

"It was represented to me that the extract contained no alcohol, when in fact it contained 70 to 90 per cent. After selling the goods for awhile I found that the people were becoming intoxicated and using it as a beverage."

McDaniel, Kirby, Howell, and Burgess testified that the extract had the effect of alcohol. This was sufficient to carry the case to the jury on this issue.

There must be a new trial, and the other exceptions are unnecessary to be considered.

Judgment reversed, and a new trial granted.

MESSRS. JUSTICES STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE WHITING concur.

MR. JUSTICE COTHRAN (concurring in result): I think that his Honor, the Special Judge, was in error in directing a verdict for the plaintiff, in disregard of the evidence offered by the defendants that the guaranty was signed under the apprehension, induced by the misrepresentation of the plaintiff's agent, that it was nothing more than a recommendation of the party Johnson, who was dealing with the plaintiff, and whose conduct the paper as it stands, purports to guaranty. See *Colt Co. v. Britt,* 129 S. C., 226; 123 S. E., 845.

I do not agree that the evidence shows that the goods which the plaintiff shipped to Johnson under contract, *per se* were under the ban of the South Carolina statute against intoxicating liquor, simply upon proof that the goods were

in liquid form, were used by some customers as a beverage, and produced intoxication. If that be the test, scores of medicines and extracts, Jamaica ginger, camphor, bay rum, and even shoe polish are under the ban. The test is the conditions named in Section 888 of the Criminal Code, whether the alcohol in the compound or preparation "is in a greater quantity than is necessary for the purpose of extraction, solution or preservation of such preparation," and whether the compound or preparation was for medicinal use. Otherwise every druggist in the State would be a violator of the law, and subject to conviction upon proof that, notwithstanding the fact that the compound did not impinge upon Section 888, and was intended for medicinal use, confirmed inebriates used it as a beverage to induce intoxication.